UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. TUCKER, K-93107,<br><br>                                    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTION;<br>DANIEL PARAMO,<br><br>                                    Defendants. | Case No.: 16-CV-1846 JLS (PCL)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>(ECF No. 1) |

Plaintiff Gerald L. Tucker, currently incarcerated at Richard J. Donovan Correctional Facility located in San Diego, California and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Initially Plaintiff filed this action in the Central District of California; however, United States District Judge John F. Walter determined that venue was proper in the Southern District of California and transferred the matter to this Court on July 18, 2016. (ECF No. 4.)

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

/ / /

/ / /

$400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2*); Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this civil action, nor has he submitted a properly supported Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).  Therefore, his case cannot yet proceed.  *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## CONCLUSION

For the reasons set forth above, the Court hereby:

(1)  **DISMISSES WITHOUT PREJUDICE** this action sua sponte for failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

(2)  **GRANTS** Plaintiff <u>forty-five (45) days</u> leave from the date this Order is filed to:  (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint.  *See* 28 U.S.C. § 1915(a)(2); Civ. L.R. 3.2(b).  If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within 45 days, this action will remain dismissed without prejudice based on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

1  requirements and without further Order of the Court.

2      (3)    **ORDERS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."

    **IT IS SO ORDERED.**

Dated: July 21, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge