UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TUCKER,<br>CDCR #Ak-1434,<br><br>                              Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTIONS;<br>DANIEL PARAMO,<br><br>                              Defendants. | Case No.: 3:16-cv-01846-JLS-PCL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 16); AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)** |

Gerald Tucker, ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 14.)

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.  *See* 28 U.S.C. § 1914(a).[1]  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if a prisoner, like Plaintiff, is granted leave to proceed IFP, he remains obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed, s*ee* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

---

[1]   In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement and it shows that he has a current available balance of zero. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 14) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated will be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

*A.     Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

1     "The standard for determining whether a plaintiff has failed to state a claim upon
2  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
3  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668
4  F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th
5  Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
6  applied in the context of failure to state a claim under Federal Rule of Civil Procedure
7  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted
8  as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
9  662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.
10    Detailed factual allegations are not required, but "[t]hreadbare recitals of the
11 elements of a cause of action, supported by mere conclusory statements, do not suffice."
12 *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
13 relief [is] . . . a context-specific task that requires the reviewing court to draw on its
14 judicial experience and common sense." *Id.* The "mere possibility of misconduct" or
15 "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
16 this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969
17 (9th Cir. 2009).
18    **B.    Rule 8**
19    Plaintiff's Complaint is difficult to decipher as many of the claims Plaintiff is
20 attempting to allege are disjointed and incomprehensible.  Rule 8 of the Federal Rules of
21 Civil Procedure provides that in order to state a claim for relief in a pleading it must
22 contain "a short and plain statement of the grounds for the court's jurisdiction" and "a
23 short and plain statement of the claim showing that the pleader is entitled to relief."
24 Fed.R.Civ.P. 8(a)(1) & (2).   Here, the Court finds that Plaintiff's Complaint falls short
25 of complying with Rule 8.
26 / / /
27 / / /
28 / / /

**B.     Plaintiff's Duplicative claims**

While not entirely clear, Plaintiff appears to be alleging that the District Attorney for Fresno County, along with various deputy district attorneys, detectives with the Fresno Police Department and probation officers conspired to deprive Plaintiff of his constitutional rights. (*See* Compl., at 2.)

These allegations are duplicative of an action Plaintiff previously filed in 2014 and 2015. *See Tucker v. Cline, et al.*, E.D. Cal. Civil Case No. 1:13-cv-00400-AWI-BAM; *Tucker v. Cline, et al.*, E.D. Cal. Civil Case No. 1:15-cv-00857-AWI-BAM. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

A prisoner's complaint is considered frivolous under 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff is already litigating these claims in the above referenced Eastern District actions, the Court **DISMISSES** these claims as duplicative pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

**C.     Freedom of Association**

Again, while Plaintiff's Complaint is not entirely clear, he has attached a letter that he purportedly wrote to the Federal Bureau of Investigation in 2015 in which he complains of his brother and sister-in-law being removed from his list of approved visitors. (*See* Compl., at 5–6.) It is not clear at which prison these alleged events took place.

Incarceration by necessity restricts the scope of a prisoner's associational rights. *Overton v. Bazzetta*, 539 U.S. 126, 131–32 (2003); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Therefore, a regulation that impinges on an inmate's First Amendment

1 rights "is valid if it is reasonably related to legitimate penological interests." *Turner v.*
2 *Safley*, 482 U.S. 78, 89 (1987); *see also Beard v. Banks*, 548 U.S. 521, 526 (2006).

3 Thus, in order to state a First Amendment freedom of association claim, Plaintiff
4 must plead facts sufficient to show how or why the removal of certain individuals from
5 his approved visitor list do not serve any legitimate penological interest. *See Turner*, 482
6 U.S. at 89–90.

7 Here, Plaintiff's Complaint fails to include any factual content to show that that
8 ban on certain visitors serves no legitimate penological purpose. *Turner*, 482 U.S at 89;
9 *see also Iqbal*, 556 U.S. at 678. However, even if Plaintiff did allege prison officials
10 decision to remove certain family members from his approved visitor list served no
11 legitimate penological purpose, courts nevertheless "accord substantial deference to the
12 professional judgment of prison administrators, who bear a significant responsibility for
13 defining the legitimate goals of a corrections system and for determining the most
14 appropriate means to accomplish them," *Overton*, 539 U.S. at 132, and "[t]he burden . . .
15 is not on the State to prove the validity of [a] prison regulation[] but on the prisoner to
16 disprove it." *Id.* (citing *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S.
17 119, 128 (1977)).

18 Thus, because Plaintiff offers no "factual content that allows the court to draw the
19 reasonable inference" that any specific prison official was in violation of his First
20 Amendment rights in the absence of any legitimate penological purpose, *see Iqbal*, 556
21 U.S. at 678; *Turner*, 482 U.S at 89, the Court finds these claims subject to sua sponte
22 dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Lopez*, 203 F.3d at 1126-
23 27; *Rhodes*, 621 F.3d at 1004.

24 **D.     Leave to Amend**

25 Because Plaintiff has now been provided with notice of his Complaint's
26 deficiencies, the Court will grant him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d
27 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint
28 without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely

clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. Conclusion and Order

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 14).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint in its entirety as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading, and must comply with S.D. CAL. CIVLR 8.2(a). Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

5. The Clerk of Court **IS DIRECTED** to mail Plaintiff a copy of a court approved form § 1983 complaint.

**IT IS SO ORDERED**.

Dated: January 17, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge