UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD TUCKER,<br>CDCR #Ak-1434,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF CORRECTION;<br>DANIEL PARAMO,<br><br>Defendants. | Case No.: 3:16-cv-01846-JLS-PCL<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |

**I.   Procedural History**

On July 12, 2016, Plaintiff Gerald Tucker, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 14).

On January 17, 2017, the Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. (ECF No. 17, at 7–8.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading found in his original Complaint. (*Id.*) On February 27, 2017, Plaintiff has filed what appears to be his First Amended Complaint ("FAC"). (ECF No. 18.)

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. *Standard of Review*

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

2

3:16-cv-01846-JLS-PCL

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Rule 8

Once again, Plaintiff's FAC is difficult to decipher as many of the claims Plaintiff is attempting to allege are disjointed and incomprehensible. Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1) & (2). Here, the Court finds that Plaintiff's FAC falls short of complying with Rule 8.

### C. Plaintiff's Claims

While not entirely clear, it appears that Plaintiff is alleging that officials with the California Department of Correction and Rehabilitation ("CDCR") are under "suspicion of murder" and are "covering up" the alleged murder of his brother and sister-in-law. (FAC at 1–2.) There are no comprehensible allegations contained anywhere in Plaintiff's FAC. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A pleading is "factual[ly] frivolous[ ]" under § 1915(e)(2) and § 1915A(b)(1) if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When determining whether a complaint is frivolous, the court need not accept the

allegations as true, but must "pierce the veil of the complaint's factual allegations," *Neitzke*, 490 U.S. at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 325–28).

Applying these standards to the allegations in Plaintiff's FAC, the Court finds that Plaintiff's claims are frivolous pursuant to 28 U.S.C. § 1915(e)(2) § 1915A(b)(1). *See Nordstrom*, 762 F.3d at 920 n.1.

### D. Freedom of Association

To the extent that Plaintiff alleges his brother and sister-in-law were wrongfully removed from his list of approved visitors and thus, violates his constitutional rights, he has failed to state a claim. (*See* FAC at 2, 4–5.)

Incarceration by necessity restricts the scope of a prisoner's associational rights. *Overton v. Bazzetta*, 539 U.S. 126, 131–32 (2003); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Therefore, a regulation that impinges on an inmate's First Amendment rights "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Beard v. Banks*, 548 U.S. 521, 526 (2006).

Thus, in order to state a First Amendment freedom of association claim, Plaintiff must plead facts sufficient to show how or why the removal of certain individuals from his approved visitor list do not serve any legitimate penological interest. *See Turner*, 482 U.S. at 89–90.

Here, Plaintiff's FAC fails to include any factual content to show that the ban on certain visitors serves no legitimate penological purpose. *Turner*, 482 U.S at 89*; see also Iqbal*, 556 U.S. at 678. However, even if Plaintiff did allege prison officials' decision to remove certain family members from his approved visitor list served no legitimate penological purpose, courts nevertheless "accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them," *Overton*, 539 U.S. at 132, and "[t]he burden . . . is not on the State to prove the validity of [a] prison regulation[] but on the prisoner to disprove it." *Id.* (citing

*Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 128 (1977)).

Thus, because Plaintiff offers no "factual content that allows the court to draw the reasonable inference" that any specific prison official was in violation of his First Amendment rights in the absence of any legitimate penological purpose, *see Iqbal*, 556 U.S. at 678; *Turner*, 482 U.S at 89, the Court finds these claims subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See Lopez*, 203 F.3d at 1126–27; *Rhodes*, 621 F.3d at 1004.

### III. Conclusion and Order

Good cause appearing, the Court:

1) **DISMISSES** Plaintiff's First Amended Complaint as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b);

2) **DENIES** Plaintiff further leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *Gonzalez*, 759 F.3d at 1116 (district court's discretion in denying amendment is "particularly broad" when it has previously granted leave to amend);

3) **CERTIFIES** that an appeal of this final Order of dismissal would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to terminate this civil action and close the file.

**IT IS SO ORDERED**.

Dated: April 14, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

5

3:16-cv-01846-JLS-PCL